**Nos. 23-549 & 24-2188**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TIMOFEY BABICHENKO,

*Defendant/Appellant.*

On Appeal from the United States District Court
for the District of Idaho, Boise
No. 18-CR-258-BLW
Hon. B. Lynn Winmill

_____

**APPELLANT TIMOFEY BABICHENKO'S SUPPLEMENTAL
INDIVIDUAL OPENING BRIEF**

_____

Counsel listing on next page.

Greg S. Silvey
Silvey Law Office Ltd
P.O. Box 5501
Boise, ID 83705
(208) 286-7400
greg@idahoappeals.com

Rob Lewis
Attorney At Law
913 W. River St. Ste. 430
Boise, ID 83702
(208) 395-0667
office@roblewislaw.com

*Attorneys for Defendant-Appellant
Timofey Babichenko*

# Table of Contents

Table of Authorities........................................................................ iii

INTRODUCTION AND BACKGROUND.................................................1

JURISDICTIONAL STATEMENT ........................................................2

ISSUES PRESENTED FOR REVIEW ....................................................3

STATEMENT OF THE CASE .................................................................4

    A.    Nature of the case .....................................................4

    B.    Course of post-trial proceedings and statement of facts
        relevant to the forfeiture.........................................................4

ARGUMENT ...................................................................................14

I.    THE DISTRICT COURT ERRED IN REVERSING ITS
    EARLIER RULING AND FORFEITING THE BUILDING LOT
    BOUGHT WITH PROCEEDS WHICH WAS COMMINGLED
    WITH THE FAMILY RESIDENCE THAT WAS BUILT ON IT
    WITH CLEAN MONEY ..............................................................14

    A.    Standard of review ..............................................................14

    B.    The substitute property provision ......................................14

    C.    The district court's ruling ....................................................15

    D.    The district court was correct in ruling that its
        comingling/substitute asset analysis was correct ...............18

    E.    The district court erred when it reconsidered and ruled
        that the commingled asset could be divided without
        difficulty ..............................................................................22

i

II.    THE PRELIMINARY ORDER OF FORFEITURE MUST BE VACATED BECAUSE THE GOVERNMENT FAILED TO PROVE THE BRAZIL PROPERTIES WERE "PROPERTIES OF" THE DEFENDANTS AND THUS SUBJECT TO FORFEITURE .................................................... 26

CONCLUSION ........................................................ 27

Statement of Related Cases ................................... 28

Certificate of Compliance for Brief ........................ 29

Certificate of Service ......................................... 30

# Table of Authorities

## Cases

*Honeycutt v. United States*, 581 U.S. 443, 137 S. Ct. 1626, 198 L. Ed. 2d 73 (2017)..............................................................................21

*United States v. $448,342.85*, 969 F.2d 474 (7th Cir. 1992)..................23

*United States v. Little*, No. 2:12-CR-539-CDJ-1, 2016 U.S. Dist. LEXIS 43236 (E.D. Pa. Mar. 31, 2016)........................................ 17, 22, 23, 25

*United States v. Lo*, 839 F.3d 777 (9th Cir. 2016) .................................14

*United States v. Loe*, 49 F. Supp. 2d 514 (E.D. Tex. 1999).........18, 24, 25

*United States v. Nava,* 404 F.3d 1119 (9th Cir. 2005)............................15

*United States v. Pollard*, 850 F.3d 1038 (9th Cir. 2017) ........................14

*United States v. Tartaglione*, No. 15-491, 2018 U.S. Dist. LEXIS 61229 (E.D. Pa. Apr. 11, 2018), *aff'd,* 815 F. App'x 648 (3d Cir. 2020) ...................................................................................... 17, 18, 23, 25

*United States v. Voigt,* 89 F.3d 1050 (3rd Cir. 1996)..............................23

## Statutes

18 U.S.C. § 3231 .......................................................................................2

21 U.S.C. § 853(a) .....................................................................................3

21 U.S.C. § 853(a)(1)................................................................................16

21 U.S.C. § 853(p)............................................................... 7, 9, 11, 13, 14

21 U.S.C. § 853(p)(1) ................................................................. 20, 21, 23

21 U.S.C. § 853(p)(1)(E)........................................ 8, 10, 11, 12, 16, 17, 20

21 U.S.C. § 853(p)(2) ............................................................. 3, 12, 16, 21

21 U.S.C. § 853(p)(5) .............................................................................23

28 U.S.C. § 1291 ................................................................... 2

Idaho Code § 32-906 ........................................................... 15

## Rules

Fed. R. App. P. 28(i) ..........................................................27

Fed. R. Crim. P. 32.2 ...........................................................3

## INTRODUCTION AND BACKGROUND

Timofey (Tim[1]) Babichenko appeals in his individual opening brief the Second Amended Findings of Fact, and Conclusions of Law, and Preliminary Order of Forfeiture. This is the final of three forfeiture orders concerning forfeiture of Tim's building lot purchased with $250,000 in proceeds but upon which his family residence was later built with clean money.

Tim asserts the district court erred when it reversed its earlier decision that the lot bought with proceeds had been commingled with other property and was difficult to divide and so substitute assets would be forfeited instead of the real property. It instead eventually ruled that $250,000 of the real property is directly forfeitable as proceeds of Tim's crimes.

Tim also joins in the forfeiture issue raised in the individual brief filed by co-appellant Paul Babichenko arising from the Third Amended Findings of Fact, Conclusions of Law, and Preliminary Order of Forfeiture.

---

[1] For ease, Tim's first name will be used given the multiple Appellants with the same surname.

1

## JURISDICTIONAL STATEMENT

The district court had original jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

Tim timely filed an Amended Notice of Appeal on September 1, 2023, from the Second Amended Findings of Fact, and Conclusions of Law, and Preliminary Order of Forfeiture. TER-20; TER-247 (Tim's Supplemental Excerpts of Record filed contemporaneously herewith).

Tim timely filed his Second Amended Notice of Appeal on April 8, 2024, from the Third Amended Findings of Fact, Conclusions of Law, and Preliminary Order of Forfeiture. TER-4; TER-242.

## BAIL STATUS

Tim is out of custody pending appeal.

## ISSUES PRESENTED FOR REVIEW

### I.

Whether the district court err in reversing its earlier ruling and forfeiting the building lot bought with proceeds which was commingled with the family residence that was built on it with clean money?

### II.

Whether Rule 32.2, Fed. R. Crim. P., and 21 U.S.C. §§ 853(a) and (p)(2) require that, before granting a motion for preliminary order of forfeiture of substitute assets, the government must prove, by a preponderance of the evidence, that the property is "property of the defendant" and thus subject to forfeiture?

## STATEMENT OF THE CASE

### A.    Nature of the case

This individual brief concerns only post-trial forfeiture proceedings and so the earlier proceedings and facts which were relevant to the issues in Appellants' Joint Opening Brief will not be repeated.

### B.    Course of post-trial proceedings and statement of facts relevant to the forfeiture

To detail the post-trial proceedings related to Tim, it is his forfeiture proceedings that matter to this brief. While the challenge to the global forfeiture order appears in Appellants' Joint Opening brief, this individual brief issue challenges one particular aspect of the forfeiture order, to wit, the forfeiture of Tim's building lot.

After trial but before sentencing the government moved for a preliminary order of forfeiture for all the convicted defendants. TER-209. For Tim, that included real property located at 2051 Three Lakes (which the government designated as 3.K) which had been purchased with proceeds. According to the government, Tim had used $250,000 from a particular Global Distributors' bank account to purchase the vacant building lot in May of 2018.

4

There were various filings on the forfeiture matter that are no longer relevant as well as a hearing, and then on March 15, 2023, the court issued what was to be the first of four Findings of Fact, Conclusions of Law, and Order. TER-166.[2]

The first important finding that carries through all three Findings of Fact, Conclusions of Law and Orders is the court's finding that Tim received $11,004,926.31 in Amazon deposits during the conspiracies. TER-189–90. The court had already determined that 93.1 percent of the goods Tim sold were counterfeit and thus 93.1% of those Amazon deposits represent proceeds of the counterfeiting crime that Tim personally received in his various business accounts and are forfeitable as a money judgment. TER-190.

The court also concluded based on the defense financial expert that $1,090,644 were actually Paul's proceeds that were double counted against Tim. TER-190. The court ordered that it would enter a money judgment in the amount of $9,230,196.82. TER-190.

---

[2] Only the first three are relevant to this issue. The second one is also included in Appellants' Excerpts of Record at 1-ER-43 but is included again in Tim's Supplemental Excerpts of Record so they are all together for this Court's convenience.

The court continued:

90.    The government claims that Tim used his criminal proceeds to pay for 2015 Ford F-150 (Property No. 3.L) and real property at 2051 Three Lakes (Property No. 3.K).

91.    However, as noted above, the government may not seek a money judgment as a means of forfeiting the proceeds of Tim's criminal activity, and also seek to forfeit specific assets he acquired with offense proceeds. Doing so constitutes impermissible double counting.

92.    Therefore, the government's motion to forfeit the F-150 and the real property (Property Nos. 3.L and 3.K) is denied.

TER-191.

The government filed an Objection to Preliminary Order of Forfeiture to all defendants including Tim. TER-155. The government did not object to any factual findings but objected regarding various double counting rulings because the government would agree to reduce the money judgment with the proceeds of the sales of seized property once liquidated. *Id.*

At the sentencings, the court orally indicated it would be sustaining the government's objections. Specifically as to Tim, at his sentencing the court orally indicated it was sustaining the government's

objections and the preliminary order will be modified after it hears the defendant's response. 1-ER-262.

The government provided counsel and then the court with its proposed Amended Findings of Fact and Conclusions of Law, and Order and Preliminary Order of Forfeiture. Tim filed his Objection to Government's Proposed Amended Findings of Fact, Conclusions of Law and Preliminary Order of Forfeiture. TER-99.

Tim pointed out that he had made an alternate argument that had not yet been ruled on given the court's previous ruling. TER-101. That argument was that the real property (3.K) is a building lot bought with proceeds but which recently had a house built on it with clean money. TER-101. Since the lot which is subject to forfeiture has been commingled with other property which cannot be divided without difficulty, to wit, other property of Tim and also the property of his wife Kristina (who was acquitted) which included her undivided community property interest, it should not be forfeited under 21 U.S.C. § 853(p). TER-101. Instead, substitute property should be forfeited, to wit, a money judgment, which has already been ordered for the amount to the lot. TER-101.

On May 2, 2023, the court issued its Amended Findings of Fact, Conclusions of Law, and Preliminary Order of Forfeiture, holding as follows in relevant part:

98. Tim also used his criminal proceeds to pay for real property at 2051 Three Lakes (Property No. 3.K). He used $250,000 from Global Distributors Washington Federal bank account 4112 to purchase this land in May 2018. *See* Gov. Forfeiture Ex. 3.K; Ex. 2719 at 7. At face value, that means the real property is forfeitable.

99. The defense argues that ordering forfeiture of the truck and the land is impermissible double counting. The Court disagrees. Because the Court will use these assets to offset Tim's money judgment, there is no risk that he is forfeiting the same property twice. To hold otherwise would deny the government's rightful forfeiture motion.

100. Nevertheless, the Court is persuaded that the real property "has been commingled with other property which cannot be divided without difficulty" and so should not be directly forfeited. 21 U.S.C. § 853(p)(1)(E).

101. In 2021 and 2022, Tim built a house on the lot using his non-proceeds income.

   a. Def. Forfeiture Ex. D3.K2 shows that through November 2022, the house building costs totaled $1,186,775.78.

      i. The Court arrives at this number by adding the January and February 2022 HSBC bank statements showing funds spent on house construction (Def. Forfeiture Ex. D.K-5),

8

      construction invoices (Def. Forfeiture Ex. D.K-3), Citizens Bank statements for February through November 2022 showing construction costs (Def. Forfeiture Ex. D3.K-4), and a Capitol One credit card statement showing a construction cost (Def. Forfeiture Ex. D3.K-6).

    b.  Tim made $166,661 in 2020 and $800,881 in 2021 through Sahara Case. Def. Forfeiture Ex. D3.K-7. In 2022, Tim made about $822,500 through Sahara case. Def. Forfeiture Ex. D3.K-5. There is no suggestion that any money coming in from 2020 through 2022 was criminal proceeds.

    c.  In short, Tim had sufficient, legitimate income to build the house. The government has not shown the house is a forfeitable asset.

102.  Since the tainted lot has been commingled with the untainted house (which itself cost nearly four times the original cost of the lot), the Court finds that the requirements of 21 U.S.C. § 853(p) are met. Therefore, forfeiture of substitute property, rather than the lot itself, is appropriate.

103.  Still, the value of any substitute asset will be counted towards Tim's money judgment. For that reason, allowing for the forfeiture of substitute property instead of the real property is redundant.

104.  The Court will not order the forfeiture of the real property at 2051 Three Lakes (Property No. 3.K).

Amended Findings of Fact, Conclusions of Law and Order 5/2/2023 at p.

27-29. TER-74–76.

9

The government filed a Motion for Clarification or

Reconsideration of Portion of Amended Preliminary Order of Forfeiture.

TER-42. It stated in relevant part:

> The Amended POF seems to conclude otherwise by
> conflating the conditions precedent to forfeiting *substitute*
> *assets* with a prohibition of forfeiting property purchased
> with criminal proceeds. It appears that the Amended POF
> concludes that regardless of whether $250,000 of criminal
> proceeds were used to purchase the lot, the property is not
> forfeitable because the requirements of 21 U.S.C. §
> 853(p)(1)(E) are met. This conclusion would be legally
> unsound. Section 853(p)(1)(E) is simply a prerequisite to
> allow forfeiture of substitute assets. It does not preclude
> forfeiture of criminal proceeds.

Motion for Clarification or Reconsideration at p. 28-29 (emphasis

in the original). TER-44–45.

The government concluded by objecting but also stating regardless

of whether it was sustained or not that it sought clarification.

Tim then filed his Response to Government's Motion for

Reconsideration of Amended Preliminary Order of Forfeiture explaining

just why the court had gotten it right and the government was wrong.

TER-34.

> As this Court well knows, in its Amended Findings of Fact,
> Conclusions of Law, and Preliminary Order of Forfeiture, it
> determined that the real property located at 2051 Three
> Lakes "has been commingled with other property which

10

cannot be divided without difficulty" and so it should not be directly forfeited as per 21 U.S.C. § 853(p)(1)(E). (Order, May 2, 2023, para. 100.)

In short, this is because the building lot located at 2051 Three Lakes was bought with proceeds, then Tim built a house on it with non-proceeds income, and so the tainted lot has been commingled with the untainted house (which cost over 4 times the original cost of the lot). (Order, May 2, 2023, para. 101-102.) Thus, this Court found that the requirements of 21 U.S.C. § 853(p) are met and forfeiture of substitute property, rather that the lot itself, is appropriate. (Order, May 2, 2023, para. 102.) Further, the value of the substitute property ($250,000) will be counted toward Tim's money judgment. However, the money judgment already allows for it and so is redundant. (Order, May 2, 2023, para. 103-104.) Finally, this Court ordered that it will not order forfeiture of the real property at 2051 Three Lakes (3.K). (Order, May 2, 2023, para. 104.)

Response to Government's Motion for Reconsideration at p. 19-20 (emphasis added). TER-35–36.

Tim continued with his argument which will be made once again below.

The government then filed a reply in support of its Motion for Clarification or Reconsideration making the same arguments insisting the substitute assets provision does not apply because the property is tainted property. TER-29.

11

On August 8, 2023, the court issued its Second Amended Findings of Fact, Conclusions of Law, and Preliminary Order of Forfeiture. TER-20. It acknowledged that the government now objects to it and moved for clarification of the portion of the court's order regarding the real property. The court stated that on review, it "sustains the Government's objection and hereby issues a second amended forfeiture order that supersedes paragraphs 98-104 of the Court's first amended forfeiture order (Dkt. 1838)." TER-22.

The court first explained that it reads section 853(p)(1)(E) and (2) to say that criminal proceeds are not directly forfeitable when they have been commingled with other assets from which it cannot be separated without difficulty. In other words, since the provision directs the court to order the forfeiture of <u>any other property</u>, it implicitly indicates that the commingled property should <u>not</u> be directly forfeited. TER-22–23.

The court ruled it remains persuaded by this interpretation of the substitute property statute but believes it no longer applies to the case. TER-23.

 The court reviewed a few decisions of other district courts and ended up ruling that the commingled tainted and untainted assets can

12

actually be separated without difficulty, which will be discussed in detail below. TER-25.

## SUMMARY OF THE ARGUMENT

Appellant asserts that district court got it right the first time. The building lot purchased by Appellant had been commingled with his other property and the property of another, his acquitted wife, making it difficult to divide. Thus, pursuant to 21 U.S.C. Section 853(p) the correct thing to do was not to forfeit the building lot but to order substitute property to be forfeiture, to wit, a money judgment.

13

# ARGUMENT

## I. THE DISTRICT COURT ERRED IN REVERSING ITS EARLIER RULING AND FORFEITING THE BUILDING LOT BOUGHT WITH PROCEEDS WHICH WAS COMMINGLED WITH THE FAMILY RESIDENCE THAT WAS BUILT ON IT WITH CLEAN MONEY

### A. Standard of review

This Court reviews the interpretation of federal forfeiture law de novo. *United States v. Pollard*, 850 F.3d 1038, 1041 (9th Cir. 2017). Factual findings are reviewed for clear error. *United States v. Lo*, 839 F.3d 777, 784 (9th Cir. 2016).

### B. The substitute property provision

Forfeiture of substitute property is governed by 21 U.S.C. Section 853(p):

**(p) Forfeiture of substitute property**

**(1) In general**
Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant--
> **(A)** cannot be located upon the exercise of due diligence;
> **(B)** has been transferred or sold to, or deposited with, a third party;
> **(C)** has been placed beyond the jurisdiction of the court;
> **(D)** has been substantially diminished in value; or
> **(E)** has been commingled with other property which cannot be divided without difficulty.

**(2) Substitute property**
In any case described in any of subparagraphs (A) through
(E) of paragraph (1), the court shall order the forfeiture of
any other property of the defendant, up to the value of any
property described in subparagraphs (A) through (E) of
paragraph (1), as applicable.

21 U.S.C. § 853.

Also relevant regarding what law to apply is the ruling from this

Court in *United States v. Nava,* 404 F.3d 1119 (9th Cir. 2005):

We have held that "[s]tate law determines whether
Claimants have a property interest, but federal law
determines whether or not that interest can be forfeited."

*Id.* at p. 1127.

Finally, under Idaho state law, subject to several exceptions not

relevant here, "[a]ll other property acquired after marriage by either

husband or wife is community property." I.C. 32-906.

## C.    The district court's ruling

On August 22, 2023, the district court issued its Second Amended

Findings of Fact, Conclusions of Law, and Preliminary Order of

Forfeiture (hereinafter Forfeiture Order). TER-20. Its findings of fact

and conclusions of law are broken up into two parts here for ease of

reading:

15

1.  Federal law provides for the forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" an applicable crime. 21 U.S.C. § 853(a)(1). It further provides that "if any property described in subsection (a), as a result of any act or omission of the defendant . . . has been commingled with other property which cannot be divided without difficulty . . . the court shall order the forfeiture of any other property of the defendant, up to the value of" that commingled property. § 853(p)(1)(E) and (2).

2.  The Court reads § 853 to say that that property derived from criminal proceeds is not directly forfeitable when it has been commingled with other assets from which it cannot be separated without difficulty. In other words, because subsection (p) directs the Court to "order the forfeiture of any other property," it implicitly indicates that commingled property should not be directly forfeited.

3.  <u>The Court remains persuaded by this interpretation of the statute, but is no longer convinced that it applies to this case.</u>

4.  As discussed previously, Tim paid for the real property at 2051 Three Lakes (Property No. 3.K) with criminal proceeds. He used $250,000 from Global Distributors Washington Federal bank account 4112 to purchase this land in May 2018. See Gov. Forfeiture Ex. 3.K; Ex. 2719 at 7. After that, he used untainted funds to build a house on the property. See Dkt. 1838 at ¶ 101.

5.  The question is whether the construction of the house means that the $250,000 in proceeds used to buy the lot "has been commingled with other property which cannot be divided without difficulty."

TER-22–23.

The court went on to discuss other district court's treatment

of the issue:

6. Several district courts have considered similar questions and have reached different results.

7. In *United States v. Little*, "some of the stolen monies were applied toward the mortgage and improvements in the house." No. 2:12-CR-539-CDJ-1, 2016 U.S. Dist. LEXIS 43236, at *6 (E.D. Pa. Mar. 31, 2016). The Court concluded the substitute asset provision applied because "property that would otherwise be subject to forfeiture—the stolen monies—has been 'commingled with other property'—Defendant's legally purchased home, legally made mortgage payments, and legally paid for updates. 21 U.S.C. § 853(p)(1)(E). In addition, given the nature of Defendant's home as an asset where some mortgage payments and updates were paid for with stolen monies and many others were paid for with rightfully earned monies, the stolen monies have been 'commingled with other property which cannot be divided without difficulty.' 21 U.S.C. § 853(p)(1)(E)." *Id.*

8. In contrast, in *United States v. Tartaglione*, the defendant "paid $599,000 in construction costs to renovate the 5th Street Building . . . this amount is traceable to the 5th Street Building as directly forfeitable proceeds." No. 15-491, 2018 U.S. Dist. LEXIS 61229, at *77-78 (E.D. Pa. Apr. 11, 2018). The Court held that as a result "$599,000 of the 5th Street Building is directly forfeitable as 'derived from proceeds traceable to' Defendant's crimes." *Id.*

9. Similarly, in *United States v. Loe*, a Florida property was purchased with "$507,491.11 of tainted funds and

$457,508.89 of untainted funds." 49 F. Supp. 2d 514, 520 (E.D. Tex. 1999). The Court rejected the defendants' argument "that since the property was purchased with tainted and untainted funds . . . the Government cannot seek forfeiture of the Florida property and instead can only seek forfeiture under the substitute asset provision." *Id*. at 522. Instead, because the Court could easily "determine that 52.6% of the Florida property, a percentage representing $507,491.11 of the $965,000.00 purchase price, was acquired with tainted funds . . . it is not necessary for the Court to resort to the substitute asset provision." *Id*. at 523. Rather, the Court concluded that 52.6% of the property was forfeitable. *Id*.

10.   The Court finds the approach of *Tartaglione* and *Loe* appropriate here because the connection between the proceeds and the property is clearly established and easily traced.

11.   $250,000 of the Three Lakes property is directly forfeitable as proceeds of Mr. Babichenko's crimes.

12.   As with all other property purchased with proceeds, it must still be counted towards his money judgment. *See generally* Dkt. 1838.

TER-23–25.

## D.   The district court was correct in ruling that its comingling/substitute asset analysis was correct

First, the district court was correct in its reading of the statute providing that if commingled property could not be divided without difficulty that it is not to be forfeited but <u>instead</u> substitute property of

18

the defendant can be. This analysis is still important because if it is not correct and if the law is actually as claimed by the government, then the second part of the ruling really doesn't matter because the lot would be forfeited in either event. Appellant asserts the district court got the mechanics of commingled/substitute assets provision right in the last order above as well as the prior one.

The government claimed in its briefing below that the commingled property which is hard to divide is to be forfeited along with the substitute property and repeatedly states in its various filings that the substitute asset provision cannot prevent the government from forfeiting proceeds even if they are commingled.

This is not correct under a plain reading of the statute. When property is unavailable to be forfeited because it falls into a category of (A)-(E), below, substitute property of the defendant is to be forfeited instead of, and not in addition to, the property falling into one of the following categories:

> **(A)** cannot be located upon the exercise of due diligence;
> **(B)** has been transferred or sold to, or deposited with, a third party;
> **(C)** has been placed beyond the jurisdiction of the court;
> **(D)** has been substantially diminished in value; or

**(E)** has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p)(1).

Provisions (A)-(E) are all situations where the property is unavailable either literally or practically, and so it is not being forfeited. In our case (E) applies, where the property has been commingled and cannot be divided without difficulty, so it has been made unavailable.

The government instead argued that 853(p)(1)(E) is simply a prerequisite to allow forfeiture of substitute assets in addition to the proceeds but it does not preclude forfeiture of criminal proceeds. In other words, the government argued that the commingled property which cannot be divided without difficulty should nevertheless be divided by the Court and forfeited. This is incorrect because it is not what the statute says.

Further, the statute would not make any sense if it provided that the court were to perform a difficult division and then also forfeit substitute property even though defendant's interest in the commingled property was forfeited. The statute only makes sense if the commingled property is not forfeited, and instead other property of the defendant is forfeited.

20

Finally as to this, the government cites for support to *Honeycutt v. United States*, 581 U.S. 443, 137 S. Ct. 1626, 198 L. Ed. 2d 73 (2017), but that case actually proves Appellant's point. The Supreme Court explained:

> Only if the Government can prove that one of these five conditions was caused by the defendant may it seize "any other property of the defendant, up to the value of" the tainted property—<u>rather than the tainted property itself</u>. § 853(p)(2). This provision begins from the premise that the defendant once possessed tainted property as "described in subsection (a)," and provides a means for the Government to recoup the value of the property if it has been dissipated or otherwise disposed of by "any act or omission of the defendant." § 853(p)(1).
>
> Section 853(p)(1) demonstrates that Congress contemplated situations where the tainted property itself <u>would fall outside the Government's reach</u>. . . .

*Honeycutt* at 581 U.S. 452*,* 137 S. Ct. at 1634 (emphasis added).

In plain English, the principle that words are known by the company they keep applies here. The situations in (A) though (D) of the statute concerns scenarios where the government clearly cannot reach or get the value of the property itself and so the substitute property would of necessity be instead of, not in addition to, the proceeds. Thus, for (E) comingling, that also means the commingled asset does not go to the government because it is unavailable for the very reason it cannot

21

be divided without difficulty. Again, it would make no sense if the first four provisions of the subsection concern situations where the government does not take the actual money or proceeds and instead only the substitute property but in (E) it gets both.

### E. The district court erred when it reconsidered and ruled that the commingled asset could be divided without difficulty

The district court was originally right but then changed its mind and got it wrong. As should be clear, the change was not based on the government's argument, which has always been that the substitute asset provision did not limit its ability to forfeit the lot because $250,000 of proceeds were used to purchase it regardless of the comingling of the proceeds.

The district court looked at three other cases from U.S. district courts. The first was *United States v. Little*, No. 2:12-CR-539-CDJ-1, 2016 WL 1255626; 2016 U.S. Dist. LEXIS 43236, at *6 (E.D. Pa. Mar. 31, 2016). In *Little*, the district court applied the substitute asset provision because the defendants had legally purchased a home and many mortgage payments and updates had been rightfully paid with legal money. Other mortgage payments and updates had been paid with

stolen moneys, and so the stolen moneys were commingled and difficult to divide and the substitute assets provision applied.

Interestingly, this case also confirms our district court's ruling about the substitute assets provision applying as well as mentioning a principle that came out of the oft cited case of *United States v. Voigt,* 89 F.3d 1050 (3rd Cir. 1996). The court in *Little* stated:

> The case presents a similar predicament to that addressed by the Third Circuit in *Voigt,* 89 F.3d 1050, when the Court adopted the reasoning of the Seventh Circuit in *United States v. $448,342.85*, 969 F.2d 474 (7th Cir. 1992), that "one illegal dollar in an account does not taint the rest." The Third Circuit recognized that "once a defendant has commingled laundered funds with untainted funds— whether in a bank account or in a tattered suitcase—such that they "cannot be divided without difficulty," 21 U.S.C. § 853(p)(5), the government must satisfy its forfeiture judgment through the substitute asset provision." *Voigt,* 89 F.3d at 1088. Here, like comingling funds in a bank account or tattered suitcase, the funds have been commingled in the Defendant's home. Therefore, under 21 U.S.C. § 853(p)(1), the substitute asset provision shall apply. *Id.*

*Little,* 2016 WL 1255626, at *2 (footnote omitted).

For the (superficially) opposite proposition, our district court cited to *United States v. Tartaglione*, No. CR 15-491, 2018 WL 1740532, at *34; 2018 U.S. Dist. LEXIS 61229, at *77-78 (E.D. Pa. Apr. 11, 2018), *aff'd,* 815 F. App'x 648 (3d Cir. 2020). There the district court explained

23

that the defendant paid $599,000 in proceeds for construction costs to renovate a building and so $599,000 is forfeitable. What our district court failed to mention is the building had already been sold and the money was in escrow. This is a far cry from our case where the family home will be sold because the court entered its preliminary order of forfeiture as to Tim for $250,000 of the 2051 Three Lakes property even though the building costs of the house on the lot were approximately $1,186,775.78, or more than four times more than the cost of the lot. Further, ownership of the property is shared with an owner who a jury found to be not guilty.

The last case relied on by our district court was *United States v. Loe*, 49 F. Supp. 2d 514 (E.D. Tex. 1999). There, a property was bought with $507,491.11 of tainted funds and $457,508.89 of untainted funds. The district court held that 52.6% of the property was forfeitable because the tainted funds were easily traceable and so the court did not have to resort to the substitute asset approach.

Back to our case. Again, our district court held that the connection between the proceeds and the property is clearly established and easily traced. This is an incorrect conclusion, however.

24

First, our case is closest to *Little*, where most mortgage payments and updates were paid for with untainted funds. The property was not already sold as in *Tartaglione* which completely changes the dynamic, nor did the tainted funds outweigh the untainted as in *Loe*.

What the court had earlier considered, then neglected in its last order, was the relative percentage of the interests being affected (as in *Little*). In a tail wagging the dog situation, the lot cost less than a quarter of the building costs of the house (as calculated by the known constructions receipts), 21 percent to be exact. Tim's acquitted wife Kristina's undivided marital interest in the family house was between two and three times more than the cost of the lot.

Regardless of all that, now what will happen is the family home will be seized to sell the lot which just so happens to have a house on it. Appellant asserts that cannot be divided without difficulty means (as the district court first found given its result), more than the math or tracing is hard. It also entails all the practical difficulties that will result when forfeiting property with commingled interests. Again, the district court did that once when it invoked the substitute property provision and it was the right decision. The district court should have

25

stayed with its decision which did not forfeit the real property with the family house on it but forfeited substitute assets instead.

Finally, it is significant that the district court did not reverse its earlier ruling based on the argument of the government. Rather, it sua sponte reserved itself. For all these reasons Appellant asserts the district court erred when it reversed its earlier ruling that the substitute asset provision applied to the building lot.

## II. THE PRELIMINARY ORDER OF FORFEITURE MUST BE VACATED BECAUSE THE GOVERNMENT FAILED TO PROVE THE BRAZIL PROPERTIES WERE "PROPERTIES OF" THE DEFENDANTS AND THUS SUBJECT TO FORFEITURE

Tim and Paul are the only Appellants affected by the Third Amended Findings of Fact, Conclusions of Law, and Preliminary Order of Forfeiture (TER-4) and so the issue was not proper for the joint opening brief. However, Tim is in the exact same position as Paul but has nothing to add to Paul's argument so for judicial economy simply joins in Paul's individual brief for this issue.

Specifically, Tim joins pursuant to FRAP 28(i) which provides:

Briefs in a Case Involving Multiple Appellants or Appellees. In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by

26

reference a part of another's brief. Parties may also join in reply briefs.

Fed. R. App. P. 28(i).

## CONCLUSION

The Appellant respectfully requests that this Court reverse and vacate the Second Amended Findings of Fact, Conclusions of Law and Preliminary Order of Forfeiture and leave in place the First Amended Findings of Fact, Conclusions of Law and Preliminary Order of Forfeiture which does not contain a preliminary order of forfeiture as to Tim Babichenko for $250,000 of the 2051 Three Lakes Property.

Additionally, Appellant respectfully requests this Court vacate the district court's Third Amended Findings of Fact, Conclusions of Law and Preliminary Order of Forfeiture.

Date: September 20, 2024

*/s/ Greg S. Silvey*
Greg S. Silvey

*/s/ Rob Lewis*
Rob Lewis
*Attorneys for Defendant-Appellant*
*Timofey Babichenko*

27

## Statement of Related Cases

Pursuant to Ninth Circuit Rule 28-2.(6)(c), undersigned counsel state that the following cases are related to this appeal:

*United States v. Pavel Babichenko*, No. 23-550, 24-2189

*United States v. Piotr Babichenko*, No. 23-559

*United States v. Mikhail Iyerusalimets*, No. 23-558

*United States v. David Bibikov*, No. 23-561

These cases were consolidated by Orders of this Court, and a joint opening brief was filed on August 14, 2024. *See* Ninth Circuit Docket number 23-550, docket entry 22.1.

Date: September 20, 2024

*/s/ Greg S. Silvey*
Greg S. Silvey

*/s/ Rob Lewis*
Rob Lewis
*Attorneys for Defendant-Appellant*
*Timofey Babichenko*

## Certificate of Compliance for Brief

## 9th Cir. Case Numbers 23-549 & 24-2188

I certify that:

**Oversized Briefs**:

The court granted permission to exceed the length limitations set forth at Fed. R. App. P. 32(a)(7) by an order dated August 15, 2024 (dkt. 20.1).

      or

An enlargement of brief size is permissible under Ninth Circuit Rule 28-4.

The brief is

X    Proportionality spaced, has a typeface of 14 points or more and contains 6,083 words

or is

___    Monospaced, has 10.5 or fewer characters per inch and contains _____ words or _____ lines of text

or is

___    In conformance with the type specifications set forth at Fed R. App. P. 32(a)(5) and does not exceed 30 pages

Dated this 20th day of September, 2024.

              */s/ Greg S. Silvey*
              Greg S. Silvey

## Certificate of Service

I HEREBY CERTIFY that on this 20th day of September, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Greg S. Silvey*
Greg S. Silvey
Attorney for Appellant